1  Alexander I. Dychter (SBN 234526)
2  alex@dychterlaw.com
   **DYCHTER LAW OFFICES, APC**
3  1010 Second Ave., Suite 1835
4  San Diego, California 92101
   Telephone: (619) 487-0777
5  Facsimile:  (619) 330-1827

6
   Walter L. Haines (SBN 71075)
7  admin@uelglaw.com
8  **United Employees Law Group, PC**
   5500 Bolsa Ave., Suite 201
9  Huntington Beach, California 92649
10 Telephone: (562) 256-1047
   Facsimile:  (562) 256-1006
11
12 Attorneys for Plaintiff Jason Crane

13

14            **UNITED STATES DISTRICT COURT**

15          **SOUTHERN DISTRICT OF CALIFORNIA**

16 Jason Crane, an individual, on behalf of     Case No.  3:17-CV-00455-L-WVG
   himself and on behalf of all persons
17 similarly situated,                          **CLASS ACTION**

18
                Plaintiff,                      **FIRST AMENDED COMPLAINT**
19

20                                              1.  Failure to Pay Overtime Wages
21        v.                                    2.  Violation of the Unfair Competition
                                                    Law
22                                                  (Cal. Bus. & Prof. Code §§ 17200, *et*
                                                    *seq.*)
23                                              3.  Failure to Pay All Wages Owed Upon
                                                    Termination
24 JELD-WEN, INC., a Delaware                   4.  Failure to Provide Accurate Wage
   Corporation; and DOES 1 through 50,             Statements
25 inclusive,                                   5.  Violation of the Private Attorneys
                                                    General Act
26
                Defendants.
27                                              **DEMAND FOR JURY TRIAL**

28

Plaintiff JASON CRANE (hereinafter "Plaintiff" or "Crane"), an individual, on behalf of himself and all other similarly situated current and former employees, alleges on information and belief, except for his own acts and knowledge which are based on personal knowledge, the following:

## **INTRODUCTION**

1.    This is a putative class action brought against Defendant JELD-WEN, INC. (hereinafter "Defendant" or "JELD-WEN") for (i) failing to pay overtime wages at the lawful rate of pay for all work performed; (ii) failing to provide duty-free meal breaks; (iii) failing to provide duty-free rest periods; (iv) failing to pay all owed wages each and every pay period; (v) failing to pay all owed wages upon termination or resignation of employment; and, (vi) failing to provide accurate itemized wage statements as mandated under the California Labor Code.

2.    Plaintiff is a Member of and the named representative for the Class, the Terminated Employee Subclass, the Wage Statement Subclass, and the Private Attorneys General Act ("PAGA") Subclass as defined in Paragraphs 17-20 below. The term "Class" includes Plaintiff and all other persons who are members of the "Class," and/or the "Terminated Employee Subclass," and/or the "Wage Statement Subclass," and/or the "PAGA Subclass," as herein defined.

3.    Plaintiff seeks: 1) all overtime wages owed, under Labor Code §§ 510, 1194, and 1198; 2) an additional hour of pay owed under Labor Code § 226.7 and the applicable I.W.C. Wage Order, for failing to receive a compliant meal break; 3) an additional hour of pay owed, under Labor Code § 226.7 and the applicable I.W.C. Wage Order, for failing to receive a compliant rest period; 4) unpaid wages, due every pay period, under Labor Code § 204; 5) unpaid wages due at the time of resignation or termination under Labor Code § 201 or § 202; 6) continuation wages under Labor Code § 203; 7) penalties for inaccurate itemized wage statements, under Labor Code § 226(e); 8) restitution under Business and Professions Code § 17203; and, 9) statutory penalties on a representative basis pursuant to PAGA.

### JURISDICTION AND VENUE

4.      This Court has jurisdiction over this Action pursuant to California Code of Civil Procedure § 410.10 and California Business & Professions Code § 17203. This action is brought as a Class Action on behalf of Plaintiff and similarly situated employees of Defendants pursuant to Cal. Code of Civ. Proc. § 382.

5.      Venue is proper in this Court pursuant to California Code of Civil Procedure § 395 and § 395.5, because the Plaintiff worked in the County of San Diego, and Defendants committed the wrongful conduct herein alleged in the County of San Diego against Plaintiff and Members of the Class.

### THE PARTIES

**A.**     **Plaintiff and the Class**

6.      Plaintiff JASON CRANE was employed by Defendants as a non-exempt hourly employee in the State of California from approximately May 20, 2013 through December 20, 2013 and again from approximately October 2014 through November 2, 2016.

7.      At times during his employment, Plaintiff earned "bonuses" that corresponded to earnings periods during which he worked overtime hours, without being paid the lawful overtime rate of pay because Defendants failed to "true up" the overtime compensation based on the correct actual regular rate of pay, taking into account all wages earned, including such bonuses. Defendants also failed to provide Plaintiff with accurate compliant wage statements, because the wage statements for those pay periods did not state the actual rates of pay in effect for each type of hour worked, gross wages earned, net wages earned, meal period premium payments for missed or non-compliant meal periods, or rest period premium payments for missed or non-compliant rest breaks.

8.      During the Class Period, and as a result of the rigorous work schedules, Defendants engaged in a uniform and systematic practice of failing to provide Plaintiff and the Class Members with duty-free thirty (30) minute meal breaks within

the first five (5) hours of their work shift and failing to provide a second duty-free thirty (30) minute meal break on shifts longer than ten (10) hours.  Plaintiff and the Class Members were not provided with one hour of wages in lieu thereof for not being provided with the requisite meal breaks.

9.     During the Class Period, and as a result of the rigorous work schedules, Defendants failed to provide rest periods of at least ten (10) minutes for every shift worked of more than three and a half (3.5) but not more than six (6) hours, a first and second rest period of at least ten (10) minutes for every shift worked of between six (6) and ten (ten) hours, and a first, second and third rest period of at least ten (10) minutes for every shift worked of ten (10) hours or more.  Plaintiff and the Class Members were not provided with one hour wages in lieu thereof for not being authorized and permitted to take their rest breaks.

10.     The Members of the Class are similarly situated persons who are presently employed or were formerly employed as hourly non-exempt employees in the State of California who: 1) were not paid overtime wages at the lawful rate of pay for all work time; 2) were not provided with duty-free 30-minute meal breaks; 3) were not provided with duty-free 10-minute rest periods; 4) were not paid all earned wages timely upon resignation or termination of their employment; and/or, 5) were not provided accurate itemized wage statements.

**B.    Defendants**

11.     Defendant JELD-WEN, INC. ("JELD-WEN") is an entity created under the laws of the State of Delaware.  At all relevant times mentioned herein, Defendant conducted substantial business in the State of California, County of San Diego.

12.     JELD-WEN was founded in 1960 and is one of the world's largest door and window manufacturers, operating 115 manufacturing facilities in 10 countries primarily in North America, Europe, and Australia.  Headquartered in Charlotte, North Carolina, JELD-WEN designs, produces, and distributes an extensive range of interior and exterior doors, wood, vinyl and aluminum windows and related products

for use in the new construction and repair and remodeling of residential homes and non-residential buildings.  On or about January 26, 2017, JELD-WEN announced an initial public offering of 25 million shares of its common stock at a public offering price of $23 per share.

13.    Defendant JELD-WEN was the employer of Plaintiff as evidenced by Plaintiff's wage statements and other work-related documents provided to Plaintiff during the course of his employment.

14.    Defendant JELD-WEN was the employer of Plaintiff and the Class Members at the time Defendants breached their legal obligations to them as described herein, and Defendants continue to breach legal obligations owed to Class Members currently employed by Defendants.

15.    Plaintiff is ignorant of the true names, capacities, relationships and extent of participation in the conduct herein alleged, of the Defendants sued herein as DOES 1 through 50, but is informed and believes and thereon alleges that said Defendants are legally responsible for the wrongful conduct alleged herein and therefore sues these Defendants by such fictitious names.  Plaintiff will amend this complaint to allege the true names and capacities of the DOE Defendants when ascertained.

16.    Plaintiff is informed and believes and thereon alleges that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants.

## CLASS ACTION ALLEGATIONS

17.    Plaintiff brings this action on behalf of himself and all other similarly situated persons as a class action pursuant to Code of Civil Procedure § 382. Plaintiff seeks to represent a Class composed of and defined as follows:

/ / /

- 4 -

**All individuals who are or previously were employed by Defendants in the State of California and were classified as non-exempt employees and paid on an hourly basis at any time since February 1, 2013 through the date of trial ("Class Period") ("Class Members").**

18.    Plaintiff also seeks to bring this action on behalf of himself and all other similarly situated persons in a Subclass of the Plaintiff Class, which is composed of and defined as follows:

**All Class Members whose employment with Defendants ended at any time since February 1, 2014 ("Terminated Subclass Members").**

19.    Plaintiff also seeks to bring this action on behalf of himself and all other similarly situated persons in a Subclass of the Plaintiff Class, which is composed of and defined as follows:

**All Class Members employed with Defendants at any time since February 1, 2016 ("Wage Statement Subclass Members").**

20.    Plaintiff also seeks to bring this action on behalf of himself and all other similarly situated persons in a Subclass of the Plaintiff Class, which is composed of and defined as follows:

**All Class Members employed with Defendants at any time since February 1, 2016 ("PAGA Subclass Members").**

21.    This action has been brought and may be maintained as a class action pursuant to Code of Civil Procedure § 382 because there is a well-defined community of interest among many persons who comprise a readily ascertainable class.

a.    The Class Members are so numerous that individual joinder of all of them as plaintiffs is impractical.  While the exact number of Class members is unknown to Plaintiff at this time, Plaintiff is informed and believes and thereon alleges that there are not less than 100 Class

1    Members.

2    b.    The identity of Class Members can readily be determined from

3          Defendants' employment records.  Defendants' records include the

4          name and address of every person who was employed in California.

5    c.    Common questions of law and fact exist as to Class Members and

6          predominate over any questions that would affect only individual Class

7          Members.  These common questions include, but are not limited to:

8          (1)    Did Defendants, in violation of Labor Code §§ 510, 1194, and

9                 1197, fail to pay non-exempt employees all overtime wages owed

10                to them based upon Defendants' failure to include earned

11                "bonuses" into the regular rate of pay calculation for purposes of

12                calculating the overtime wage rate?

13         (2)    Did Defendants, in violation of Labor Code § 204, fail to pay

14                non-exempt hourly employees for all wages earned during each

15                pay period?

16         (3)    Did Defendants, in violation of Labor Code § 201 or § 202, fail at

17                the time of separation to pay non-exempt employees all the wages

18                due, including overtime that they earned prior to termination

19                based upon Defendants' failure to include earned "bonuses" into

20                the regular rate of pay calculation for purposes of calculating the

21                overtime wage rate, missed meal period premium wages, and

22                missed rest period premium wages?

23         (4)    Did Defendants act willfully when they failed to pay non-exempt

24                employees upon termination all the overtime wages they earned

25                prior to termination based upon Defendants' failure to include

26                earned "bonuses" into the regular rate of pay calculation for

27                purposes of calculating the overtime wage rate, premium wages

28                for missing meal periods, and premium wages for missing rest

- 6 -

1    periods?

2    (5)    Are Defendants liable for penalty wages under Labor Code §

3    203?

4    (6)    Did Defendants, in violation of Labor Code § 226(a), fail to

5    provide non-exempt employees semi-monthly or at the time of

6    each payment of wages, an accurate compliant itemized statement

7    showing gross wages earned; net wages earned; all applicable

8    hourly rates in effect during the pay period; the corresponding

9    number of hours worked by the employee at each hourly rate of

10   pay, all meal period premium payments earned, and all rest period

11   premium payments earned?

12   (7)    Are Defendants liable for restitution under Business and

13   Professions

14   Code § 17203?

15   (8)    Did Defendants violate the Unfair Competition Law, Business

16   and Professions Code § 17200, *et seq*., by failing to provide

17   compliant meal breaks as mandated under Labor Code § 226.7

18   and the applicable

19   I.W.C. Wage Order as alleged herein?

20   (9)    Did Defendants violate the Unfair Competition Law, Business

21   and Professions Code § 17200, *et seq*., by failing to provide

22   compliant rest periods as mandated under Labor Code § 226.7

23   and the applicable

24   I.W.C. Wage Order as alleged herein?

25   (10)   Did Defendants violate the Unfair Competition Law, Business

26   and Professions Code § 17200, *et seq*., by its unlawful practices

27   as alleged herein?

28   (11)   Are Defendants liable for pre-judgment interest?

FIRST AMENDED COMPLAINT                                    Case No. 3:17-CV-00455-L-WVG

(12)   Are Defendants liable for attorney's fees and costs?

d.   Plaintiff is a Member of the Class and the Subclasses, and his claims are typical of the claims of the other Class Members and Subclass Members.  Plaintiff is informed and believes and thereon alleges that Defendants maintain policies or practices of: 1) failing to include "bonuses" into the regular "rate of pay" calculation for overtime wages; 2) failing to provide compliant duty-free meal breaks; 3) failing to provide compliant duty-free rest periods; 4) failing to pay employees for all wages earned during each pay period; 5) failing to pay employees all earned wages due upon termination; and/or, 6) failing to provide employees with accurate wage statements.

e.   Plaintiff will adequately and fairly protect the interests of the Class Members and Subclass Members.  Plaintiff has no interest adverse to the interests of absent Class Members and/or Subclass Members.  Plaintiff is represented by legal counsel who has substantial class action experience in civil litigation and employment law.

22.   A class action is superior to other available means for fair and efficient adjudication of the claims of the Class and would be beneficial for the parties and the Court.  Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require.  The monetary amounts due to many individual Class Members are likely to be relatively small, and the burden and expense of individual litigation would make it difficult or impossible for individual members of the Class to seek and obtain relief.  A class action will serve an important public interest by permitting such individuals to effectively pursue recovery of the sums owed to them. Further, class litigation prevents the potential for inconsistent or contradictory judgments raised by individual litigation.

# FIRST CAUSE OF ACTION
## Failure to Pay Overtime Wages
(By Plaintiff and the Class Members against all Defendants)

23.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

24.    At all relevant times, Plaintiff and the Class Members were employees of Defendants covered by Labor Code §§ 510, 1194 and 1198, and the applicable IWC Wage Order.

25.    By their failure to pay s overtime wages for all time worked, as alleged above, Defendants willfully breached their agreement to pay wages in violation of Labor Code §§ 510, 1194 and 1198, and the applicable IWC Wage Order.

26.    Pursuant to Labor Code § 510 and the applicable IWC Wage Order, Plaintiff and the Class Members were entitled to premium overtime wages payable at the rate of at least one and one-half times their regular rate of pay for all work in excess of eight (8) hours in one workday or in excess of forty (40) hours in one workweek and payable at the rate of at least twice the regular rate of pay for all work in excess of twelve (12) hours in one workday and in excess of eight hours on the seventh day worked in a workweek.

27.    Defendants failed to pay Plaintiff and the other members of the Class in accordance with Labor Code § 510.  Plaintiff is informed and believes and thereon alleges that, during the limitations period applicable to this cause of action, Defendants had a policy or practice of not factoring earned "bonuses" into the "regular rate" of pay used for computation of the overtime wage rate, which resulted in Defendants failing to pay all overtime wages owed for earnings periods during which overtime hours were worked and "bonuses" were earned.

28.    As a result of Defendants' unlawful and willful conduct, Plaintiff and the Class Members have suffered damages in an amount, subject to proof, to the extent they were not paid overtime wages at the lawful rate of pay for all hours actually worked.

FIRST AMENDED COMPLAINT                                    Case No. 3:17-CV-00455-L-WVG

29.     Pursuant to Labor Code §§ 1194, 1194.2 and 1194.3, Plaintiff and the Class Members are entitled to recover the full amount of unpaid wages, liquidated damages, pre-judgment interest, reasonable attorney's fees and costs of suit.

## SECOND CAUSE OF ACTION
### Violation of California's Unfair Competition Law ("UCL")
### [Cal. Bus. & Prof. Code § 17200, *et seq.*]
(By Plaintiff and the Class Members against all Defendants)

30.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

31.     Plaintiff brings this claim on behalf of himself and all others similarly situated in his representative capacity against Defendant and Does 1 through 50, for their unlawful business acts and/or practices pursuant to California Business & Professions Code § 17200, *et seq.* ("UCL") which prohibits all unlawful business acts and/or practices.

32.     Plaintiff and similarly situated Class Members regularly work in excess of five (5) hours a day without being afforded at least a thirty (30) minute uninterrupted meal period in which they are relieved of all duties within the first five (5) hours of work.  Additionally, Plaintiff and similarly situated Class Members regularly work in excess of ten (10) hours a day without being afforded a second thirty (30) minute meal period in which they are relieved of all duties.

33.     Plaintiff and similarly situated Class Members regularly work in excess of three and a half (3.5) hours a day without being afforded a ten (10) minute rest period in which they are relieved of all duties and regularly work in excess of six (6) hours a day without being afforded a second ten (10) minute rest period in which they are relieved of all duties.

34.     Defendants' failure to provide legally required meal breaks and rest periods, failure to pay all overtime wages, failure to pay all wages owed each and every pay period, failure to timely pay all wages upon termination of employment, and failure to provide accurate itemized wage statements as alleged herein, constitutes unlawful and/or unfair business acts and/or practices within the meaning

of California Business & Professions Code § 17200, *et seq.*

35.    As a result of their unlawful and/or unfair acts, Defendants have reaped and continue to reap unfair benefits and illegal profits at the expense of Plaintiff and the Class Members.  Defendants should be enjoined from this activity and provide restitution by restoring to Plaintiff and the Class Members the wrongfully withheld wages and premium pay.

36.    The acts and practices alleged in the preceding paragraphs have occurred in connection with Defendants' conduct of trade and commerce in the State of California.

37.    Defendants' misconduct as alleged herein has given Defendants an unfair competitive advantage over their competitors.

38.    As a direct and proximate result of the aforementioned acts, Defendants, and each of them, have received and continue to hold monies which Plaintiff and the Class Members have a possessory interest in.

39.    Defendants' conduct constitutes unlawful and unfair acts or practices conducted in the course of Defendants' respective businesses, and thereby constitutes violations of California Business and Professions Code § 17200, *et seq.*  Such conduct offends the established public policy of the State of California and is immoral, unethical, oppressive, unscrupulous and substantially injurious.

40.    Pursuant to § 17203 of the UCL, Plaintiff seeks an order of this Court enjoining Defendants from continuing to engage in the unlawful and/or unfair business practices, and any other act prohibited by the UCL.

41.    WHEREFORE, Plaintiff and the other Class Members are entitled to equitable relief, including restitution, attorney fees and costs, declaratory relief, and a permanent injunction enjoining Defendants from their unlawful and/or unfair activity.

/ / /

/ / /

### THIRD CAUSE OF ACTION
### Failure to Pay All Wages Owed Upon Termination
(By Plaintiff and the Terminated Subclass Members against all Defendants)

42.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

43.     At all relevant times, Plaintiff and the Terminated Subclass Members, were employees of Defendants covered by Labor Code § 201 or § 202.

44.     Pursuant to Labor Code § 201 or § 202, Plaintiff and the Terminated Subclass Members were entitled upon termination to timely payment of all wages earned and unpaid prior to termination.  Discharged employees were entitled to payment of all wages earned and unpaid prior to discharge immediately upon termination.  Employees who resigned were entitled to payment of all wages earned and unpaid prior to resignation within 72 hours after giving notice of resignation or, if they gave 72 hours previous notice, they were entitled to payment of all wages earned and unpaid prior to resignation at the time of resignation.

45.     Defendants failed to pay Plaintiff and the Terminated Subclass Members all wages earned and unpaid prior to termination in accordance with Labor Code § 201 or § 202.  Plaintiff is informed and believes and thereon alleges that during the three (3) year limitations period applicable to this cause of action, Defendants maintained and continue to maintain a policy or practice of not factoring "bonuses" into the "regular rate" of pay used for computation of the overtime wage rate, which resulted in Defendants failing to pay upon separation all the overtime wages earned for earnings periods corresponding to those bonuses during which overtime hours were worked (*i.e.* more than eight hours in a workday and/or more than forty hours in a workweek) without being paid the lawful overtime rate of pay because Defendants failed to "true up" the overtime compensation based on the actual regular rate, taking into account all wages earned.  Further, Defendants failed to pay all meal break "premium" payments and rest break "premium" payments owed to employees at the time of separation.

46.     Defendants' failure to pay Plaintiff and the Terminated Subclass Members all wages earned prior to termination in accordance with Labor Code § 201 or § 202 was willful.  Defendants had the ability to pay all overtime wages, missed meal break premium payments, and missed rest break premium payments earned by employees, but intentionally adopted policies or practices incompatible with the requirements of Labor Code §§ 510, 1194, and 1198.  When Defendants failed to pay upon termination all wages earned prior to termination, Defendants knew what they were doing and intended to do what they did.

47.     Pursuant to Labor Code § 201 or § 202, Plaintiff and the Terminated Subclass Members are entitled to all wages earned prior to termination that Defendants did not pay them.

48.     Pursuant to Labor Code § 203, Plaintiff and the Terminated Subclass Members are entitled to penalty wages, from the day their earned and unpaid wages were due upon termination until paid, up to a maximum of 30 days.

49.     As a result of Defendants' conduct, Plaintiff and the Terminated Subclass Members have suffered damages in an amount, subject to proof, to the extent they were not paid for all wages earned prior to termination in violation of Labor Code § 201 or § 202.

50.     As a result of Defendants' conduct, Plaintiff and the Terminated Subclass Members have suffered damages in an amount, subject to proof, to the extent they were not paid all penalty wages owed to them in violation of Labor Code § 203.

51.     Pursuant to Labor Code § 218 and § 218.5, Plaintiff and the Terminated Subclass Members are entitled to recover the full amount of their unpaid wages, unpaid penalty wages, and reasonable attorney's fees and costs of suit.  Plaintiff and the Terminated Subclass Members are entitled to recover pre-judgment interest on all due and unpaid wages and penalty wages under Labor Code § 218.6 and/or Civil Code § 3287(a).

## FOURTH CAUSE OF ACTION
### Failure to Provide Accurate Itemized Wage Statements
(By Plaintiff and the Wage Statement Subclass Members against all Defendants)

52.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

53.     At all relevant times, Plaintiff and the Wage Statement Subclass Members were employees of Defendants covered by Labor Code § 226.

54.     Pursuant to Labor Code § 226(a), Plaintiff and the Wage Statement Subclass Members were entitled to receive, semi-monthly or at the time of each payment of wages, an accurate itemized statement showing gross wages earned; net wages earned; all applicable hourly rates in effect during the pay period; and, the corresponding number of hours worked at each hourly rate by the employee.

55.     Defendants failed to provide Plaintiff and the Wage Statement Sub-Class Members compliant and accurate itemized wage statements in accordance with Labor Code §226(a).  Plaintiff is informed and believes and thereon alleges that at all relevant times since one (1) year preceding the filing of the Complaint in this action (the "Penalty Period"), Defendants maintained and continues to maintain a policy or practice of providing wage statements that list the "Pay Rate" for overtime wages at the wrong rate of pay based upon the failure of Defendants to include earned bonuses into the regular rate of pay calculation for the overtime wage rate calculation. Defendants' practice resulted and continues to result in the issuance of wage statements to Wage Statement Sub-Class Members that do not show the correct amount of gross wages earned, the correct amount of net wages earned, the correct number of hours worked at each applicable hourly rate of pay, the correct premium pay payments in lieu of meal periods, the correct premium pay payments in lieu of rest periods, and deductions made thereto for taxing authority purposes.

56.     Defendants' failure to provide Plaintiff and the Wage Statement Subclass Members with accurate wage statements was knowing and intentional. Defendants had the ability to provide Plaintiff and Wage Statement Subclass

Members with accurate wage statements, but intentionally provided wage statements that Defendants knew were not accurate.

57.     As a result of Defendants' conduct, Plaintiff and the Wage Statement Subclass Members have suffered injury.  The absence of accurate information on their wage statements has prevented timely challenges to Defendants' unlawful pay practices, required discovery and mathematical computations to determine the amount of wages owed, caused difficulty and expense in attempting to reconstruct time and pay records, and led to the submission of inaccurate information about wages and amounts deducted from wages to state and federal government agencies.

58.     Pursuant to Labor Code § 226(e), Plaintiff and the Wage Statement Subclass Members are entitled to recover fifty dollars ($50) for the initial pay period during the Penalty Period in which a violation of Labor Code § 226 occurred and one hundred dollars ($100) for each violation of Labor Code § 226 in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000) per employee.

59.     Pursuant to Labor Code § 226(h), Plaintiff and the Wage Statement Subclass Members are entitled to bring an action for injunctive relief to ensure Defendants' compliance with Labor Code § 226(a).  Injunctive relief is warranted because Defendants' continue to provide currently employed Wage Statement Subclass Members with inaccurate wage statements in violation of Labor Code § 226(a) and currently employed Wage Statement Subclass Members have no adequate legal remedy for the continuing injuries that will be suffered as a result of Defendants' ongoing unlawful conduct.  Injunctive relief is the only remedy available for ensuring Defendants' compliance with Labor Code § 226(a).

60.     Pursuant to Labor Code §§ 226(e) and 226(h), Plaintiff and the Wage Statement Subclass Members are entitled to recover the full amount of penalties due under Labor Code § 226(e), reasonable attorney's fees and costs of suit.

/ / /

FIRST AMENDED COMPLAINT                                                    Case No. 3:17-CV-00455-L-WVG

# FIFTH CAUSE OF ACTION
## Violation of the Private Attorneys General Act
### [Cal. Bus. & Prof. Code §§ 2698, *et seq.*]
(By Plaintiff and the PAGA Subclass Members against all Defendants)

61.     Plaintiff and the PAGA Subclass Members incorporate all the preceding paragraphs as though fully set forth herein.

62.     PAGA is a mechanism by which the State of California itself can enforce state labor laws through the employee suing under the PAGA, who does so as the proxy or agent of the state's labor law enforcement agencies.  An action to recover civil penalties under PAGA is fundamentally a law enforcement action designed to protect the public and not to benefit private parties.  The purpose of the PAGA is not to recover damages or restitution, but to create a means of "deputizing" citizens as private attorneys general to enforce the Labor Code.  In enacting PAGA, the California Legislature specified that "it was ... in the public interest to allow aggrieved employees, acting as private attorneys general to recover civil penalties for Labor Code violations ...." Stats. 2003, ch. 906, § 1.  Accordingly, PAGA claims cannot be subject to arbitration.

63.     Plaintiff brings this Representative Action on behalf of the State of California with respect to himself and all other non-exempt hourly employees of Defendants who are or previously were employed by Defendants in the State of California since February 1, 2016, and who are Members of the Class (the "PAGA Subclass Members").

64.     On February 2, 2017, Plaintiff gave notice via the electronic web-site portal maintained by the California Labor and Workforce Development Agency (the "Agency" or "LWDA") and the employer (via registered return-receipt mail) of the specific code provisions alleged to have been violated, as required by Labor Code § 2699.3. (*See* **Exhibit 1**).  The 65-day statutory waiting period for Plaintiff to commence this action has expired.  As a result, pursuant to § 2699.3, Plaintiff may now commence a representative civil action under PAGA pursuant to § 2699 as the

- 16 -

proxy of the State of California with respect to all PAGA Subclass Members as herein defined.

65. The policies, acts, and practices heretofore described were and are an unlawful business act or practice because of Defendant's failure to pay all overtime wages owed at the lawful rate of pay, for failing to provide compliant meal breaks, for failing to provide compliant rest breaks, for failing to pay all wages owed upon separation of employment, and for failing to provide accurate itemized wage statements, and thereby gives rise to statutory penalties as a result of such conduct. Plaintiff hereby seeks recovery of civil penalties as prescribed by the California Labor Code Private Attorneys General Act of 2004 as the representative of the State of California for the illegal conduct perpetrated on Plaintiff and the other PAGA Subclass Members, against whom one or more of the violations of the California Labor Code was committed.

## **PRAYER FOR RELIEF**

WHEREFORE, on behalf of himself and all others similarly situated, Plaintiff prays for judgment against Defendants as follows:

A.   An order certifying this case as a class action;

B.   An order appointing Plaintiff as representative for the Class;

C.   An order appointing Plaintiff's counsel as counsel for the Class;

D.   Damages for unpaid overtime wages under Labor Code § 1194;

E.   Civil Penalties under Labor Code § 226(e);

F.   Damages for unpaid additional premium pay owed for missed meal breaks;

G.   Damages for unpaid additional premium pay owed for missed rest breaks;

H.   Restitution for unpaid wages under Business and Professions Code § 17203;

I.   Damages for unpaid final wages under Labor Code § 201 or § 202;

1    J.    Damages for penalty wages under Labor Code § 203;

2    K.    Recovery of civil penalties as prescribed by PAGA;

3    L.    An award of penalties, attorneys' fees, and costs of suit, pursuant to

4          Labor Code § 2699(g);

5    M.    Prejudgment interest at the maximum legal rate;

6    N.    Reasonable attorney's fees;

7    O.    Costs of suit; and,

8    P.    Such other relief as the Court may deem just and proper.

9  Date: June 5, 2017                    DYCHTER LAW OFFICES, APC

10

11                                 By:  s/Alexander I. Dychter
                                        _____
12                                      Attorney for Plaintiff Jason Crane
                                        E-Mail:  alex@dychterlaw.com
13                         **<u>DEMAND FOR JURY TRIAL</u>**

14         Plaintiff demands a trial by jury for himself and the Class on all claims so

15  triable.

16  Date: June 5, 2017                    DYCHTER LAW OFFICES, APC

17

18                                 By:  s/Alexander I. Dychter
                                        _____
19                                      Attorney for Plaintiff Jason Crane
                                        E-Mail:  alex@dychterlaw.com
20

21

22

23

24

25

26

27

28

- 18 -

FIRST AMENDED COMPLAINT                                    Case No. 3:17-CV-00455-L-WVG

# EXHIBIT 1



# DYCHTER
## LAW OFFICES
### A PROFESSIONAL CORPORATION

1010 SECOND AVENUE, SUITE 1835, SAN DIEGO, CALIFORNIA 92101
TEL 619.487.0777 | FAX 619.330.1827

February 2, 2017

**VIA U.S. CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

JELD-WEN, INC.
*c/o:* C T Corporation System
818 W. 7th St., Ste. 930
Los Angeles, CA 90017

**VIA ONLINE FILING ONLY**

California Labor & Workforce Development Agency

> **Re:    Notice of Violation of California Labor Code Sections 201-204, 226, 226.7, 510, 1194, 1197, 1198; Applicable Industrial Welfare Commission Wage Orders, And Pursuant To California Labor Code Section 2699.5**

Dear Sir/Madam,

Our office represents Plaintiff Jason Crane (the "Plaintiff" or "Crane"), and other aggrieved employees in a class action lawsuit against JELD-WEN, INC. ("Defendant" or "JELD-WEN"), a Delaware Corporation. Plaintiff and other employees were employed as non-exempt hourly workers in the State of California. Defendant has failed to pay overtime wages for all time worked at the lawful rate of pay, failed to provide compliant meal breaks, failed to provide compliant rest breaks, failed to pay all wages owed upon separation of employment, and failed to provide accurate itemized wage statements in violation of the California Labor Code, and are therefore actionable under California Labor Code Section 2699.3.

A true and correct conformed copy of the Complaint filed by Plaintiff on February 1, 2017 is attached hereto as **Exhibit 1**, which **(i)** identifies the alleged violations, **(ii)** details the facts and theories which support the alleged violations, **(iii)** details the specific work performed by Plaintiff, **(iv)** sets forth the people/entities, dates, classifications, violations, events, and actions which are at issue to the extent known to Plaintiff, and **(v)** sets forth the illegal practices used by Defendant. This information provides notice to the Labor and Workforce Development Agency ("LWDA") of the facts and theories supporting the alleged violations for the agency's reference. Plaintiff therefore incorporates the allegations of the attached Complaint (**Exhibit 1**) into this letter as if fully set forth herein. If the agency needs any further information, please do not hesitate to ask. Attachment of **Exhibit 1** herein is **NOT** meant to act as "service" of the Complaint on JELD-WEN. Service of the attached **Exhibit 1** will be conducted by Plaintiff on JELD-WEN in the near future.

**NOTE**: The attached <u>Complaint</u> as **Exhibit 1** is **NOT** meant to act as "service" on Defendant.

Notice Letter to LWDA
February 2, 2017
Page 2

      This notice is provided to enable the Plaintiff to proceed with the Complaint filed in the Superior Court of California – County of San Diego, case number *37-2017-00004118-cu-oe-ctl*, against PLY-GEM as authorized by California Labor Code Section 2699, *et seq*. The pending class action lawsuit consists of a class of other aggrieved employees. As class counsel, our intention is to vigorously prosecute the class-wide claims as alleged in the Complaint, and to procure civil penalties as provided by the Private Attorney General Statute of 2004 on behalf of Plaintiff and all aggrieved California class members.

      Your earliest response to this notice is appreciated. If you have any questions of concerns, please do not hesitate to contact me at the above number and address.

Respectfully Submitted,

**DYCHTER LAW OFFICES, APC**
**United Employees Law Group, PC**

Alexander I. Dychter, Esq.
Attorneys for Plaintiff Jason Crane

*Encl: **Exhibit 1** = conformed copy of Complaint filed on 2/1/2017*

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

LOS ANGELES, CA 90017

| Certified Mail Fee | |
|---|---|
| $ | $3.35 |
| Extra Services & Fees *(check box, add fee as appropriate)* | $2.75 |
| ☐ Return Receipt (hardcopy) | $ $0.00 |
| ☐ Return Receipt (electronic) | $ $0.00 |
| ☐ Certified Mail Restricted Delivery | $ $0.00 |
| ☐ Adult Signature Required | $ $0.00 |
| ☐ Adult Signature Restricted Delivery | $ $0.00 |
| Postage | |
| $ | $1.61 |
| Total Postage and Fees | |
| $ | $7.71 |

0100
12

Postmark
Here

02/02/2017

Sent To JELD-WEN, INC. C/o CT CORP. SYSTEM
Street and Apt. No., or PO Box No. 818 W. 7TH ST., STE. 930
City, State, ZIP+4® LOS ANGELES, CA 90017

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

7015 1730 0001 6924 1537

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

JELD-WEN, INC.
*c/o:* C T Corporation System
818 W. 7th St., Ste. 930
Los Angeles, CA 90017

2. Article Number
*(Transfer from service label)*    7015 1730 0001 6924 1537

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature    CT CORPORATION SYSTEM
X    818 West Seventh Street    ☐ Agent
Suite 930    ☐ Addressee

B. Received by (*Printed Name*) Los Angeles, CA 90017 C. Date of Delivery
2/6/17

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Certified Mail    ☐ Express Mail
☐ Registered    ☐ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? *(Extra Fee)*    ☐ Yes

| **From:** | noreply@salesforce.com |
|---|---|
| **To:** | alex@dychterlaw.com |
| **Subject:** | Thank you for submission of your PAGA Case. |
| **Date:** | Thursday, February 2, 2017 2:34:59 PM |

2/2/2017

LWDA Case No. LWDA-CM-211198-17

Item submitted: Initial PAGA Notice

Thank you for your submission to the Labor and Workforce Development Agency. Please make a note of the LWDA Case No. above as you may need this number for future reference when filing any subsequent documents for this Case.

If you have questions or concerns regarding this submission or your case, please send an email to pagainfo@dir.ca.gov.

DIR PAGA Unit on behalf of
Labor and Workforce Development Agency

Website: http://labor.ca.gov/Private_Attorneys_General_Act.htm

| | |
|---|---|
| **From:** | DIR PAGA Unit |
| **To:** | alex@dychterlaw.com |
| **Subject:** | Thank you for your Court Complaint Submission |
| **Date:** | Thursday, February 2, 2017 2:39:21 PM |

02/02/2017 02:39:14 PM

Thank you for your submission to the Labor and Workforce Development Agency.

Item submitted: Court Complaint

If you have questions or concerns regarding this submission or your case, please send an email to pagainfo@dir.ca.gov.

DIR PAGA Unit on behalf of
Labor and Workforce Development Agency

Website: http://labor.ca.gov/Private_Attorneys_General_Act.htm