# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| JASON CRANE, | Case No. 3:17-cv-00455-L-WVG |
|---|---|
| Plaintiff, | **CLASS ACTION** |
| v. | **ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |
| JELD-WEN, INC., | |
| Defendant. | |

Pending before the Court in this putative class action alleging, among other claims, violations of California Labor Code provisions regarding wages and hours, is Plaintiff's motion to preliminarily approval of class action settlement. The motion is denied without prejudice for the following reasons:

1. Plaintiff seeks certification of a class action for purposes of settlement. Although the fact of settlement is relevant to the class certification analysis, certification must nonetheless meet Rule 23(a) and (b)(3) requirements, with not lesser but *heightened* attention:

> Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems, *see* Fed. Rule Civ. Proc. 23(b)(3)(D), for the proposal is that there be no trial. But other specifications of the Rule -- those designed to protect absentees by blocking unwarranted or overbroad class definitions -- *demand undiluted, even heightened, attention in the settlement context*. Such attention is of vital importance, for a court asked to certify a settlement class will lack the opportunity, present when a case is litigated, to adjust the class, informed by the proceedings as they unfold.

*Amchem Prods., Inc. v. Windsor,* 521 U.S. 591, 620 (1997) (citation and footnote omitted, emphasis added); *see also id.* at 620-27.

Plaintiff provided insufficient information to support findings of commonality under Rule 23(a)(2) and that questions of law or fact common to the class members predominate over any questions affecting only individual class members, as required by Rule 23(b)(3). For example, Plaintiff concedes that Defendant's written policies complied with the law, and that inquiry into violations would be individualized rather than class-wide. (*See* doc. no. 31-1 (Pl's Mem. of P.&A.) at 22-23.[1])

2. Plaintiff seeks preliminary approval of settlement pursuant to Rule 23(e); however, he provided insufficient information to consider the settlement in light of the factors outlined in *Staton v. Boeing Co.,* 327 F.3d 938, 959-60 (9th Cir. 2003).

First, it is unclear why the claim for failure to pay all wages upon termination, which is alleged in the first amended complaint and covered by the release in the settlement agreement, is not included in a sub-class of employees terminated during the class period. It is also unclear why there is no provision for such employees to be compensated from the settlement for this violation. Based on the information provided in Plaintiff's motion, the Court cannot conclude that

---

[1] Page numbers are assigned by the Court's ECF system.

under the proposed settlement the class members would be treated fairly relative to each other, as the proposed class lumps all members in one class.

Second, Plaintiff has not provided sufficient information to evaluate the fairness and adequacy of the settlement. If Plaintiff renews this motion, he must state the range of possible recovery and average recovery per class member, assuming that all class members make a claim against the proposed settlement fund.

3. Insufficient information is provided to support appointment of Phoenix Settlement Administrators.

4. It is unclear whether there was timely compliance with California Labor Code § 2699(l)(2).

Accordingly, Plaintiff's motion is denied without prejudice to re-filing after curing the foregoing defects.

**IT IS SO ORDERED.**

Dated: September 17, 2018

_____
Hon. M. James Lorenz
United States District Judge

Case No. 3:17-cv-00455-L-WVG

1
Order re Joint Stipulation to File Plaintiff's FAC                Case No. 3:17-cv-00455-L-WVG