UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON CRANE on behalf of himself and on behalf of all persons similarly situated,<br><br>          Plaintiff,<br><br>v.<br><br>JELD-WEN, INC.,<br><br>          Defendant. | Case No.: 17cv455-L(WVG)<br><br>**ORDER GRANTING IN PART PLAINTIFF'S AMENDED MOTION REQUESTING CLASS CERTIFICATION FOR SETTLEMENT PURPOSES AND PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

   In this putative class action Plaintiff alleges failure to pay overtime wages, failure to provide accurate wage statements, and failure to pay all wages owed upon termination in violation of California Labor Code Sections 510, 226(a), 201, and 202. The same claims were also brought under the Private Attorneys General Act of 2004, Cal. Lab. Code §§ 2698 *et seq.* ("PAGA"). Finally, Plaintiff alleges a claim for violation of the Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.* Plaintiff seeks statutory damages, civil penalties, restitution, pre-judgment interest, and attorneys' fees on his own behalf and on behalf of the putative class, as well as civil penalties under PAGA on behalf of the Labor and Workforce Development Agency ("LWDA"). The action was removed from State court. This Court has subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d).

After investigating Plaintiff's claims through formal and informal discovery, the parties reached settlement in private mediation. Plaintiff filed a motion for preliminary class action settlement approval. (Doc. no. 31.) The motion was denied because Plaintiff did not meet the requirements of Federal Rule of Civil Procedure 23. (Doc. no. 33.) Pending before the Court is Plaintiff's amended motion for preliminary approval of the Amended Joint Stipulation and Settlement Agreement, which together with attached exhibits, sets forth the terms and conditions of the class action settlement as currently proposed. (Doc. no. 37 ("Motion") and doc. no. 37-2 ("Settlement"), respectively.) Plaintiff also seeks class action certification for settlement purposes and approval of the proposed notice of class action settlement. Defendant does not oppose.

Having read and considered the Motion, including supporting declarations, exhibits and the Settlement, the Court finds and orders as follows:

1. The Court certifies for settlement purposes only:

> a class consisting of all of Defendant's hourly, non-exempt production line and line-supporting employees who worked in the State of California at any time between February 1, 2013 and March 26, 2018 ("Class"), and a subclass consisting of those members of the Class who, at any time from February 1, 2014 through March 26, 2018, were separated from employment with Defendant ("Subclass").

2. This action meets the class certification requirements of Federal Rule of Civil Procedure 23(a) and (b)(3). *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997); *see also id*. at 620-27. The Class and the Subclass are sufficiently numerous. The Class includes approximately 1,148 putative members, and the Subclass includes approximately 643. Based on the allegations in the operative first amended complaint, all of Plaintiff's claims rest on the contention that Defendant failed to pay all overtime and failed to provide duty-free meal and rest periods due to practices it applied uniformly to the Class members. For example, Plaintiff contends that Defendant did not include certain non-discretionary bonuses into the regular rate of pay for purposes of calculating the overtime rate of pay, and that the Class members had 30 minutes deducted from their

wages regardless of how long they were actually off the clock for their meal periods. Accordingly, the legal and factual issues are sufficiently uniform to meet the commonality and predominance requirements. Based on the allegations, Plaintiff's claims are typical of the Class and the Subclass. Plaintiff and his counsel have demonstrated they can adequately represent the absent Class and Subclass members. Finally, the Court finds that maintenance of this action as a class action is superior to individual litigation.

3. Plaintiff Jason Crane is appointed Class and Subclass representative for settlement purposes only ("Class Representative"). Plaintiff's counsel Alexander I. Dychter is appointed counsel for the Class and Subclass ("Class Counsel") pursuant to Federal Rule of Civil Procedure 23(g) for settlement purposes only. Plaintiff has not provided any information about his other counsel, Walter L. Haines; accordingly, Plaintiff's request to appoint him is denied.

4. Class Counsel is authorized to act on behalf of the Class and Subclass members with respect to the acts or consents under the Settlement, and any such other acts reasonably necessary to consummate the Settlement. Any member of the Class or Subclass may enter an appearance through counsel of his or her own choosing and at his or her own expense. Any member of the Class or Subclass who does not enter an appearance through counsel or appear on his or her own behalf will be represented by Class Counsel.

5. When balanced against the cost and uncertainty associated with further litigation, the Court finds that the terms of the Settlement are within the range of possible approval as fair, reasonable and adequate under Federal Rule of Civil Procedure 23(e), and that there is a sufficient basis for notifying the Class and Subclass of the Settlement. Accordingly, the Court grants preliminary approval of the Settlement.

6. The parties shall comply with their respective obligations under the Settlement.

/ / / / /

7. Phoenix Settlement Administrators is appointed as Claims Administrator. The Claims Administrator shall comply with its duties as set forth in the Settlement, including sending notice by first class mail to the putative members of the Class and Subclass no later than **January 21, 2019**.

8. The Court approves the notice attached as Exhibit 1 to the Settlement (doc. no. 37-2 at 41-46 ("Notice"))[1] with the changes indicated in Exhibit A to this Order, which is incorporated herein by reference. The Court has revised the Notice for clarity and brevity, and to comply with the law regarding class member objections to a proposed settlement. Deletions are indicated by strikethroughs, additions are indicated in bold italicized font, and instructions to counsel are indicated in all caps in underlined italicized font.

9. The Court finds that the distribution of the Notice in the manner and form as set forth in the Settlement and this Order satisfies due process requirements and requirements of Federal Rule of Civil Procedure 23(c)(2) and (e)(1), is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to the putative members of the Class and Subclass.

10. No later than **February 18, 2019,** Class Counsel shall file a motion, if any, for attorney's fees and costs of Class Counsel and enhancement payment to the Class Representative.

11. No later than **March 11, 2019**, the putative members of the Class or Subclass shall submit their requests for exclusion, if any, by following instructions in the Notice.

12. Any putative member of the Class or Subclass may request exclusion. Any putative member who chooses to be excluded will not be entitled to any recovery under the Settlement, will not be bound by the Settlement, and will have no right to object to

---

[1] Page numbers are assigned by the Electronic Filing System.

4

17cv455-L(WVG)

the Settlement or appeal the judgment. Putative members of the Class or Subclass who do not request exclusion shall be bound by all determinations of the Court, the Settlement and any judgment that may be entered thereon.

13. Any member of the Class or Subclass may dispute the number of work weeks stated in the Notice. Members are encouraged to notify the Claims Administrator of the dispute and submit information no later than 45 days after Notice mailing by following instructions in the Notice.

14. No later than **March 25, 2019**, Plaintiff shall file his motion for final approval of the Settlement, if any. In addition to the required and customary filings, the motion papers shall include (1) any communications received from the LWDA, *see* Cal. Labor Code § 2699, or other government officials, *see* 28 U.S.C. § 1715, relating to the Settlement; and (2) the Claim Administrator's affidavit regarding compliance with its duties under the Settlement and this Order. The Claim Administrator's affidavit must include: a copy of the Notice sent to the putative Class and Subclass members; a report regarding Notice, including the number of putative members to whom Notice was sent, the number of undelivered Notices after the first and second mailing, respectively, and efforts to locate addresses for undelivered Notices; the number of putative Class members requesting exclusion (including any untimely requests); a report regarding planned Settlement payments, including any disputes regarding the number of work weeks for the calculation of a Class member's payment (including any untimely noticed disputes), the number of Class members to whom a payment will be sent, calculation on the estimated median Class member payment (not including payments to the Subclass), and the estimated amount to be paid each Subclass member.

15. The final approval hearing is set for **April 22, 2019 at 10:30 a.m.** in Courtroom 5B of the United States District Court for the Southern District of California, located at 221 West Broadway, San Diego, California 92101 ("Hearing"), to determine all necessary matters concerning the Settlement, including: whether the proposed Settlement is fair, adequate, and reasonable; whether the Settlement should be granted final

approval; whether the plan of allocation proposed in the Settlement should be approved as fair, adequate, and reasonable; whether to grant the motion for attorney's fees and costs of Class Counsel and for an enhancement payment to the Class Representative; and whether a judgment should be entered as provided in the Settlement.

16. Any member of the Class or Subclass may appear at the Hearing and object to the Settlement ("Objectors"). Objectors may present evidence and/or file briefs, if any, relevant to the issues to be heard and determined by the Court. Objectors are encouraged no later than **March 18, 2019** to serve their briefs, if any, by personal delivery or first class mail to the Class Counsel and Defendant, and file them with the Clerk of this Court.

17. As of the date this Order is signed, all dates and deadlines associated with this action are vacated, other than those related to the administration of the Settlement.

18. If the Settlement does not become effective in accordance with its terms, or the Settlement is not finally approved, or is terminated, canceled or fails to become effective for any reason, this Order may be vacated upon an appropriate motion filed no later than seven calendar days after the triggering event.

19. The Court reserves the right to adjourn or continue the date of the Hearing and all dates provided for in the Settlement without further notice to the Class, and retains jurisdiction to consider any further applications related to the Settlement.

**IT IS SO ORDERED.**

Dated: December 21, 2018

_____
Hon. M. James Lorenz
United States District Judge

# EXHIBIT A

# *NOTICE OF CLASS ACTION SETTLEMENT*

### *CRANE v. JELD-WEN, INC.*
United States District Court, Southern District of California
*(Case No. 3:17-cv-00455-L-WVG)*
[to be translated into Spanish]
**PLEASE READ THIS NOTICE CAREFULLY.**

THIS NOTICE *was approved by the United States District Court, Southern District of California to inform you of your right to receive a portion of the* ~~may affect your legal right to money that you may be entitled to in connection with the~~ settlement of a lawsuit related to your employment with Defendant JELD-WEN, INC. ~~(hereinafter "Defendant" or "Jeld-Wen")~~. *Your share of the Settlement is estimated to be $\_\_\_\_\_.* You are not being sued and this lawsuit is not against you. If you do not want to participate in the Settlement ~~discussed below~~, *you must opt out of the settlement* ~~complete and return an~~ **Opt-Out Letter** (*see* ~~Para.~~ *Section* "C~~,~~" below) ~~postmarked by~~ not later than _____ \_\_, **2019**, ~~or else you will be bound by the Settlement~~.

Pursuant to the Order of the United States District Court, Southern District of California (the "Court"), entered on _____ \_\_, 2018, you are *further* ~~hereby~~ notified as follows:

**~~YOU HAVE BEEN IDENTIFIED AS SOMEONE WHO WORKED FOR DEFENDANT AS A HOURLY, NON-EXEMPT PRODUCTION LINE AND/OR LINE-SUPPORTING EMPLOYEE IN THE STATE OF CALIFORNIA BETWEEN FEBRUARY 1, 2013 AND MARCH 26, 2018.~~**

### A.   DESCRIPTION OF THE ~~CLASS ACTION~~ *LAWSUIT*:

On February 1, 2017, Plaintiff Jason Crane ~~("Crane" or "Plaintiff")~~ filed a class action lawsuit *for damages and penalties* against Defendant alleging that Defendant violated California laws by failing to pay all overtime wages at the lawful rate of pay for all work performed, failing to provide duty-free meal breaks, and failing to provide duty-free rest periods. Plaintiff also alleged derivative claims for inaccurate wage statements and failure to pay all wages earned at the time of separation ~~of~~ *from* employment. ~~based upon the aforementioned underlying alleged violations. By way of the lawsuit, Plaintiff sought related damages and penalties. From the outset of the action,~~ Defendant ~~has~~ *denies*~~d, and continues to deny,~~ all of Plaintiff's claims. The Court has not ruled on the merits of the claims or defenses. ~~In this class action lawsuit, Crane~~ *Plaintiff* sued Defendant on behalf of himself and other ~~hourly, non-exempt production line and line-supporting~~ employees *with* ~~who may have~~ similar claims*, including you*. ~~Plaintiff and these other employees are referred to herein as the "Class" or individually as "Class Members." Additionally, the portion of the Settlement Class (as that term is defined, below) who, at any time from February 1, 2014 through March 26, 2018, was separated from employment with Defendant in California are referred to herein as the "Section 203 Sub-Class."~~

Plaintiff and Defendant ~~(collectively "the Parties") both~~ recognize~~, however,~~ the risks, expenses and business disruption of continued litigation and therefore~~, the Parties and their counsel~~ have agreed to resolve their differences by entering into a settlement *(the "Settlement"). Because Plaintiff and Defendant settled the case, the Court will not decide it. Instead, the Court must determine whether the settlement is fair, reasonable and adequate.* ~~of the lawsuit which t~~*T*he Court *granted* ~~has now~~ preliminarily approv*aled of* ~~to~~ (the "Settlement"). ~~The Parties participated in settlement discussions, including a full day of mediation on November 20, 2017, before Joel M. Grossman, Esq., a highly respected neutral, third-party mediator. As a result of the mediation and with the further assistance of the mediator, the Parties reached the Settlement.~~

~~Although the Court granted preliminary approval of the Settlement, it has not made any ruling on the merits of Plaintiff's claims or Defendant's defenses, and this Notice is not intended to be, and should not be construed as, an expression of any opinion by the Court with respect to the merits of any of the claims or defenses asserted by Plaintiff or Defendant. The Court has, however, preliminarily approved the Parties' proposed Settlement Agreement as fair, reasonable, and adequate and as being in the best interests of the Class Members.~~ The Settlement applies to all current and former employees who worked for Defendant as hourly non-exempt production line and/or line-supporting employees in the state of California at any time between February 1, 2013 and March 26, 2018. This time period is known as the "Settlement Class Period." *Plaintiff and these other employees are referred to herein as the "Class" or individually as "Class Members." Class Members who were separated from employment with Defendant in California at any time from February 1, 2014 through March 26, 2018 are a subgroup of the Class referred to as the "Section 203 Subclass."*

~~The Settlement represents a compromise and settlement of highly disputed claims. Nothing in the Settlement is intended or will be construed as an admission by Defendant that the claims in the lawsuit have merit or that Defendant has any liability to Plaintiff or to the Class Members. Plaintiff and Defendant, and their respective counsel, have concluded and agree that, in light of the risks and uncertainties to each side of continued litigation, the Settlement is fair, reasonable and adequate, and is in the best interests of the Class Members and Defendant.~~

The Court has ~~also~~ appointed *Plaintiff as "Class Representative" and Plaintiff's* ~~the~~ lawyers ~~for Crane~~ as "Class Counsel" to represent Class Members *with regard to* ~~affected by~~ the Settlement.

*Class Counsel is authorized to act on behalf of the Class and Subclass members with respect to the Settlement. Any member of the Class or Subclass may enter an appearance through counsel of his or her own choosing and at his or her own expense. Any member of the Class or Subclass who does not enter an appearance through counsel or appear on his or her own behalf will automatically be represented by Class Counsel. You may contact the Class Counsel as follows* ~~They are~~:

| | |
|---|---|
| Alexander I. Dychter, Esq. | ~~Walter L. Haines, Esq.~~ |
| **DYCHTER LAW OFFICES, APC** | ~~**United Employees Law Group, PC**~~ |
| 1010 Second Ave., Suite 1835 | ~~5500 Bolsa Ave., Suite 201~~ |
| San Diego, California 92101 | ~~Huntington Beach, CA 92649~~ |
| Telephone: (619) 487-0777 | ~~Telephone: (562) 256-1047~~ |

Counsel for Defendant Jeld-Wen, Inc. is as follows: Tamara I. Devitt, Esq., **HAYNES AND BOONE, LLP**, 600 Anton Blvd., Suite 700, Costa Mesa, CA 92626; Tel: (949) 202-3000.

The Court-appointed ~~Settlement~~ *Claims* Administrator is *Phoenix Settlement Administrators, which can be contacted as follows:* ==_____==. ==[INSERT CLAIMS ADMINISTRATOR ADDRESS/TEL # AND WEBSITE PER LOCAL RULES HERE]==

**B.    SUMMARY OF PROPOSED SETTLEMENT TERMS:**

The ~~Court must still grant Final Approval of the~~ *Settlement does not take effect unless the Court grants final approval.* ~~Settlement, which is anticipated to take place pending a fairness hearing (the "Final Approval Hearing"), currently set to take place on~~ ==_____ __==~~, 2019.~~ Subject to the Court's ~~Final A~~*a*pproval, a summary of the terms of the Settlement include:

**1.    Class Settlement Amount:**

Defendant will pay a maximum total settlement amount of $625,000 (the "Class Settlement Amount") ~~which is intended to be used~~ to pay the following: (1) the settlement administration costs ~~in an~~

~~amount~~ not ~~expected~~ to exceed $15,000 ~~(if finally approved by the Court)~~, (2) the costs incurred by Class Counsel ~~in an amount~~ not to exceed $12,000 ~~(if finally approved by the Court)~~, (3) a ~~S~~service ~~E~~enhancement *payment* to ~~the named~~ Plaintiff to compensate him for the time, work, and risks undertaken in bringing this lawsuit, in an amount not to exceed $8,500 ~~(if finally approved by the court)~~, (4) a payment to the State of California Labor and Workforce Development Agency ~~("LWDA")~~ pursuant to California~~'s Labor Code~~ Private Attorneys' General Act ~~("PAGA")~~ in the amount of $15,000, (5) Class Counsel's reasonable attorneys' fees, in an amount not to exceed $156,250 ~~(if finally approved by the Court)~~, (6) the employer's share of any necessary payroll taxes on the portion of the Settlement ~~to the Class Members~~ that is allocated as "wages," (7) ~~the amount of~~ $100,000 ~~allocated towards claimed waiting time penalties under California Labor Code section 203,~~ payable to ~~all members of~~ the Section 203 ~~Sub-Class~~ *Subclass* (the "Section 203 Settlement Amount") ~~to resolve the claim under Labor Code Sections 201 to 203,~~ to be distributed equally ~~to all members of the Section 203 Sub-Class who do not opt-out of the Settlement (*see* Para. C, below)~~; and (8) ~~the share of the Class Settlement Amount, referred to as the Net Settlement Amount ("NSA") (i.e., the sum of~~ the funds remaining after paying items (1) through (7) referenced above, *referred to as the Net Settlement Amount ("NSA")*~~)~~, to be apportioned *pro rata* to each of the ~~approximately 1,148~~ Class Members ~~who do not opt-out of the Settlement (*see* Para. C, below)~~.

**2.     Distribution Formula** *for the NSA*:

The Settlement Administrator will determine the number of Eligible Workweeks worked by each of the *approximately 1,148* Class Members *who do not opt out of the Settlement (see Section "C" below)*. An "Eligible Workweek" is a calendar week during which the Class Member worked one or more days for Defendant.  Each Class Member who does not ~~opt-out~~ *opt out* of the Settlement (referred to as a "Settlement Class Member") shall be awarded a pro-rata share of the NSA based upon a percentage equal to the amount of each Settlement Class Members' Eligible Workweeks during the Settlement Class Period divided by the total of all Settlement Class Members' Eligible Workweeks during the Settlement Class Period.  That percentage multiplied by the NSA shall be the amount that a particular Settlement Class Member is eligible to receive.

Each Settlement Class Member's share will be allocated as follows: 1/3 ~~allocated~~ to wages for which IRS Forms W-2 will issue; 1/3 ~~allocated~~ to penalties for which IRS Forms 1099 MISC will issue, and 1/3 ~~allocated~~ to interest for which IRS Forms 1099 INT will issue.

NOTE:       Nothing in this Notice or the Settlement is intended to constitute tax advice.  You should consult your tax advisor *if you have any questions regarding your tax obligations arising from* ~~for any tax issues pertaining to~~ this Settlement.

*3.     Distribution Formula for the Section 203 Settlement Amount*

*The $100,000 for the Section 203 Settlement Amount will be distributed equally to each of the approximately 643 members of the Section 203 Subclass who do not opt out of the Settlement (see Section "C" below).  It is estimated that each member of the Section 203 Subclass who does not opt out will receive at least $150, in addition to his or her share of the NSA.*

~~3~~*4*.     **Your Estimated Share of the** ~~Section 203~~ **Settlement** ~~Amount and the NSA~~:

According to the records maintained by Defendant, you were employed by Defendant in California during the Settlement Class Period and worked a total of ___ Eligible Workweeks during that span. ~~These records also indicate, based on your dates of employment, that you [are/are not] a member of the Section 203 Sub-Class.  Members of the Section 203 Sub-Class who do not opt out will share equally in the $100,000 Section 203 Settlement Amount.  It is estimated that each eligible member of the Section 203~~

10

17cv455-L(WVG)

~~Sub-Class who does not opt-out will receive at least $150, in addition to their share of the NSA for being a Settlement Class Member.~~

Based on this information, your estimated share of the NSA will be $<mark>____.__</mark>.

***The records also indicate, based on your dates of employment, that you <mark>[are/are not]</mark> a member of the Section 203 Sub-Class***. *<u>[COUNSEL, INCLUDE ONE OF THE TWO STATEMENTS AS APPLICABLE:]</u> **As a member of the Section 203 Subclass, you will receive at least $150 in addition to your share of the NSA.** <u>[OR]</u> **Because you are not a member of the Section 203 Subclass, you will not receive any additional money.***

If there are no objections to the proposed Settlement and if the Court grants ***final approval of*** the Settlement ~~Final Approval~~, it is anticipated that your share of the Settlement will automatically be mailed to you on approximately <mark>_____ __</mark>, 2019.

If you ***dispute*** the stated number of Eligible Workweeks above and/or whether you should be considered as part of the Section 203 ~~Sub-Class~~ ***Subclass***, you may submit a "dispute letter." ~~directly to the Settlement Administrator at the address below.~~ Your dispute letter, along with ***any*** ~~your~~ documentation supporting your position, should be mailed <u>directly</u> to the Settlement Administrator ***at the address in Section "A" above,*** postmarked on or before <**<mark>DATE</mark>**>. ***The Court has ordered the Claim Administrator to treat all personal information you provide as confidential, not to be disclosed for any other purpose.***

You may also call Class Counsel (*see* Section "A" above for their contact information) to ask any questions regarding the Settlement or the calculations involved.

<mark>[INSERT CLAIMS ADMINISTRATOR NAME/ADDRESS/TEL # HERE]</mark>

**C.     OPTIONS UNDER THE SETTLEMENT:**

You have three (3) options under the Settlement: **1) DO NOTHING** and **automatically** receive money; **2)** ~~opt-out from~~ ***opt out of*** the Settlement; or **3)** object to the Settlement. ***To decide which option to choose, all Class Members are encouraged to carefully review the Settlement.***

**Option 1.     <u>Do Nothing and Receive Money</u>:**

If you do nothing, you will **automatically** be entitled to your share of the ***Settlement*** ~~NSA~~, as detailed above in *Section B.~~3~~4* and you will **automatically** receive a check in the mail from the ~~Settlement~~ ***Claims*** Administrator. You will ~~also~~ automatically receive a check ***even*** if you dispute the number of Eligible Workweeks, but the amount of that check ***will depend on the resolution of the dispute*** ~~may be impacted~~. ***You will be bound by all determinations of the Court, the Settlement (including its release provisions, see Section "D" below), and any judgment that may be entered based on the Settlement***.

**Option 2.     <u>Opt Out ~~From~~ *of* ~~T~~*t*he Settlement</u>:**

If you **do not** wish to take part in the Settlement, you **must mail a letter to the Settlement Administrator**. The letter must state your full name, home mailing address, telephone number, last 4 digits of your social security number (for identity verification purposes only), a statement that you wish to "opt out" of the Settlement ~~in this matter~~, your signature and the date (~~an~~ "Opt-Out Letter"). You must mail the ~~"~~Opt-Out~~"~~ Letter <u>directly</u> to the Settlement Administrator at the address ***in Section "A" above*** ~~directly below~~, postmarked no later than <mark>_____ __, 2019</mark>. ***The Court has ordered the Claim Administrator to treat all personal information you provide as confidential, not to be disclosed for any other purpose.***

==[INSERT CLAIMS ADMINISTRATOR NAME/ADDRESS/TEL # AND WEBSITE PER LOCAL RULES HERE]==

If you timely mail a completed Opt-Out Letter, you will **not** receive any money, you will **not** be bound by the Settlement or by any judgment entered in this Lawsuit, you will **not** be precluded from prosecuting a *lawsuit of your own* ~~timely individual claim~~ against Defendant based on the conduct complained of in this Lawsuit, and you will **not** be allowed to object to the Settlement as explained below*, or appeal the judgment*.

**Option 3.** <u>**Object** ~~T~~to ~~T~~the **Settlement**</u>:

*If you do not opt out of the Settlement, but you are dissatisfied with the Settlement or any part of it,* ~~As long as you do not "opt out" from the settlement,~~ you have the right to object to *it* ~~the settlement~~. *Even if you object, you will still receive your share of the Settlement.*

*Any member of the Class or Section 203 Subclass may appear at the final approval hearing and object to the Settlement ("Objectors"). Objectors may choose to present evidence and/or file briefs relevant to the issues to be heard and determined by the Court. Objectors are encouraged no later than March 18, 2019 to serve any briefs and/or supporting evidence by personal delivery or first class mail to the Class Counsel and Defendant at their addresses listed in Section "A" above, and file them with the Clerk of this Court at the address listed below.* ~~To do so, you must send to the Court, the attorneys for the parties whose addresses are listed below,~~ **and** ~~the Claims Administrator (whose address is above) your objection in writing, which must be postmarked no later than~~ ==_____ __, 2019.== *If you file a written objection, it should* ~~The objection must~~ state: (a) your full legal name, home address, telephone number, ~~last four digits of your social security number (for identity verification purposes~~); (b) the words "Notice of Objection" ~~or "Formal Objection~~;" (c) ~~in clear and concise terms,~~ the legal and factual arguments supporting the objection *in clear and concise terms*; ~~and~~ (d) ~~a list identifying the~~ *any* witness(es) you ~~as the objector may~~ *intend to* call to testify at the *final approval* ~~Fairness H~~*h*earing*; and (e)*, ~~as well as~~ true and correct copies of any exhibit(s) you intend to offer *at the hearing* ~~(a "Written Objection Notice")~~.

*Court address:* ~~Your objection should be directed to the Hon. M. James Lorenz,~~ *Clerk of the Court,* United States District Court *for the* ~~—~~Southern District of California, *333* ~~221~~ West Broadway, *Suite 420,* ~~Suite 5145~~, San Diego, California 92101. *You* ~~and~~ must reference case number *3:17-cv-00455-L-WVG*.

| <u>**Attorneys for Plaintiff and the Class**</u>~~:~~ | <u>**Attorneys for Jeld-Wen, Inc.**</u>~~:~~ |
|---|---|
| ~~Alexander I. Dychter, Esq.~~ | ~~Tamara I. Devitt, Esq.~~ |
| ~~**DYCHTER LAW OFFICES, APC**~~ | ~~**HAYNES AND BOONE, LLP**~~ |
| ~~1010 Second Ave., Suite 1835~~ | ~~600 Anton Blvd., Suite 700~~ |
| ~~San Diego, California 92101~~ | ~~Costa Mesa, California 92626~~ |

**D.** <u>**RELEASE OF LIABILITY**</u>:

If you are a ~~M~~*m*ember of the Class *or Section 203 Subclass,* and do not ~~exclude yourself from~~ *opt out of* the Settlement, you will be *bound by the release provisions of the Settlement, and will be* deemed to have given a complete release of all claims that accrued during the Settlement Class Period that are related to the case and have been resolved by the *Settlement.* ~~Joint Stipulation and Settlement Agreement.~~ ~~and as described as follows~~ *All Class Members are encouraged to carefully review the Settlement. For convenience only, the release provisions are re-printed below*:

*[COUNSEL, COPY THE ENTIRETY OF SECTIONS 7.1 AND 7.1.1 OF THE SETTLEMENT, IF NOT ALREADY DONE SO]*

~~Subject to final approval by the Court of the Settlement and upon the Settlement Effective Date, Crane and Class Members, other than those who submit timely and valid Opt-Out Letters (collectively, "Settlement Class Members"), will be deemed to have, and by operation of the Order Granting Final Approval of Class Action Settlement will have, expressly and irrevocably released, acquitted, and forever discharged Defendant Jeld Wen, Inc., and each of its respective shareholders, officers, directors, agents, employees, partners, attorneys, insurers, predecessors, successors, and assigns (collectively referred to as the "Released Parties") from any claims, causes of action, damages, wages, benefits, expenses, penalties, debts, liabilities, demands, obligations, attorney's fees, costs, and any other form of relief or remedy in law or equity, whether known or unknown, whether premised on statute, contract, tort or other theory of liability under federal, state, or local law, regulation, or ordinance, arising from the claims asserted in the First Amended Complaint or that reasonably could have been asserted in the First Amended Complaint against the Released Parties based on the factual allegations of the First Amended Complaint, that accrued or accrue during the Settlement Class Period, including, but not limited to, claims for failure to pay wages for all hours worked (both regular and overtime wages); failure to provide compliant meal breaks; failure to provide compliant rest breaks; failure to pay all wages owed upon separation; failure to provide accurate and itemized wage statements; unfair competition or unfair business practices under Cal. Bus. & Prof. Code Sections 17200 et seq.; claims under California Labor Code sections 201, 202, 203, 204, 226, 226.7, 510, 512, 1194, 1194.2, 1197, 1198, the applicable Industrial Welfare Commission Wage Orders, the California Business and Professions Code, claims made under PAGA; and claims for restitution and other equitable relief, liquidated damages, waiting time penalties, other compensation or benefits (collectively, the "Released Claims"). This Release and Released Claims also cover all claims for interest, attorneys' fees and costs related to the Action and the claims alleged or that could have been alleged based on the factual allegations in the First Amended Complaint. The Settlement Class Members will be deemed to have specifically acknowledged that this Release reflects a compromise of disputed claims.~~

~~Settlement Class Members' Waiver of Rights under California Civil Code Section 1542: With respect to Released Claims only, each Settlement Class Member shall be deemed to have expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights, and benefits they may have had pursuant to 1542 of the California Civil Code, which provides as follows:~~

> ~~**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THIS RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**~~

~~The Released Claims do not include claims for workers' compensation benefits or any claims that may not be released by law.~~

### E. ACCESS TO SETTLEMENT DOCUMENTS:

This Notice summarizes the proposed Settlement *and does not cover all of its terms*. ~~For the precise terms and conditions of the Settlement, please see the Joint Stipulation and Settlement Agreement.~~ *The Settlement (Amended Joint Stipulation and Settlement Agreement) and all documents filed in this case are available to review by contacting Class Counsel (see Section "A" above for contact information), visiting the office of the Clerk of Court for the U.S. District Court for the Southern District of California at 333 West Broadway, Suite 420, San Diego, California 92101, or accessing the files through the Court's Public Access to Court Electronic Records (PACER) system at: https://pacer.login.uscourts.gov/csologin/login.jsf.* ~~Additionally, n~~*No* later than _____ \_\_, 2019,

Class Counsel will file their ***motion for attorneys' fees and costs, and for Plaintiff's enhancement payment.*** ~~Motion for Attorney's Fees, Costs, and Enhancement to Plaintiff in~~ this ~~case~~. You have the right to review these documents before ***you decide*** ~~making a decision as to~~ whether ~~you might elect~~ to opt out of ~~the settlement~~ or ~~to~~ object to the s***S***ettlement. ~~These documents are available to view by contacting Class Counsel (*see* Section "A" above for their contact information), by visiting the office of the Clerk of Court for the U.S. District Court – Southern District of California (333 West Broadway, Suite 420, San Diego, California 92101), or by accessing the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at: https://pacer.login.uscourts.gov/csologin/login.jsf.~~

**PLEASE <u>DO NOT TELEPHONE</u> THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIMS PROCESS.**

**F.     FINAL APPROVAL HEARING** ~~ON PROPOSED SETTLEMENT~~**:**

The ***Court will hold a*** ~~Final Approval H~~**h**earing ***to determine all necessary matters concerning the Settlement ("Hearing"), including: whether the proposed Settlement is fair, adequate, and reasonable; whether the Settlement should be granted final approval; whether the plan of allocation proposed in the Settlement should be approved as fair, adequate, and reasonable; whether to grant the motion for attorney's fees and costs of Class Counsel and for an enhancement payment to the Plaintiff; and whether a judgment should be entered as provided in the Settlement. The hearing is scheduled for*** ~~on the fairness and adequacy of the proposed Settlement and Motion for Attorney's Fees, Costs, and Enhancement is expected to be held on~~ _____ \_\_, 2019 at \_\_:\_\_ a.m./p.m., at the U.S. District Court~~,~~ ***for the*** Southern District of California, 221 West Broadway San Diego, California, in Courtroom 5B. The ~~Final Approval~~ Hearing may be continued without further notice ~~to the Class~~***, and/or the matter may be submitted on the briefs without a hearing***. It is <u>not necessary</u> for you to appear at this hearing, unless you ~~have filed a timely objection~~ ***would like to object*** to the Settlement ***or any part of it***.

**IF YOU HAVE QUESTIONS ABOUT THIS NOTICE,
PLEASE CALL THE SETTLEMENT ADMINISTRATOR AT (800) \_\_\_ - \_\_\_\_**

**<u>DO NOT CALL THE COURT</u>**