DYCHTER LAW OFFICES, APC
Alexander I. Dychter (SBN 234526)
alex@dychterlaw.com
S. Adam Spiewak (SBN 230872)
adam@dychterlaw.com
1010 Second Avenue, Suite 1835
San Diego, California 92101
T: (619) 487-0777 | F: (619) 330-1827

UNITED EMPLOYEES LAW GROUP, PC
Walter L. Haines (SBN 71075)
admin@uelglaw.com
5500 Bolsa Ave., Suite 201
Huntington Beach, California 92649
T: (562) 256-1047 | F: (562) 256-1006

Attorneys for Plaintiff Jason Crane

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON CRANE, an individual, on behalf of himself and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>JELD-WEN, INC., a Delaware Corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 3:17-cv-00455-L-WVG<br><br>**CLASS ACTION**<br><br>Assigned to:<br>Hon. M. James Lorenz, District Judge<br>Hon. William V. Gallo, Magistrate Judge<br><br>**NOTICE OF PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date:     April 22, 2019<br>Time:     10:30 a.m.<br>Ctrm:     5B (5th Floor – Schwartz)<br>Judge:    Hon. M. James Lorenz<br><br>*[NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT]* |

Notice of Plaintiff's Motion for Final Approval of Class Action Settlement          Case No. 3:17-cv-00455-L-WVG

TO THE CLERK OF THE COURT, ALL PARTIES AND COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on April 22, 2019 at 10:30 a.m. or as soon thereafter as the issue may be heard, in Courtroom 5B (5th Floor – Schwartz) of the United States District Court for the Southern District of California, located at 221 West Broadway, Suite 5145, San Diego, California 92101, before the Honorable M. James Lorenz, Class Counsel will and hereby does move the Court for an order granting final approval of the class action settlement (the "Settlement") reached with Defendant JELD-WEN, INC. ("Defendant" or "Jeld-Wen"), which was preliminarily approved by the Court on December 21, 2018 (the "Settlement"). Specifically, the Class Counsel moves for an order:

1) granting final approval of the Settlement, and finding the terms of the Settlement to be fair, reasonable and adequate under Rule 23(e) of the Federal Rules of Civil Procedure, including the amount of the settlement fund; the amount of distributions to class members; the procedure for giving notice to class members; the procedure for objecting to or opting out of the Settlement; and the amount allocated to the settlement administrator;

2) certifying for settlement purposes the Settlement Class described in the Settlement, including the Section 203 Sub-Class, defined as follows:

**Settlement Class:** All of Defendant's hourly, non-exempt production line and line-supporting employees who worked in the State of California at any time between February 1, 2013 and March 26, 2018 who did not opt-out;

**Section 203 Sub-Class:** All Members of the Settlement Class who, at any time from February 1, 2014 through March 26, 2018, were separated from employment with Defendant;

3) Finding that Class Members were provided proper and adequate notice of their rights in a manner that satisfies the requirements of due process;

4) Directing that all Class Members who did not timely file an exclusion request (*i.e.* "opt-out" request) are barred from prosecuting any and all released claims

1  against the Released Parties, as set forth in the Settlement.

2      5)    Directing payment from the settlement fund of settlement administration fees to Phoenix Settlement Administrators ("PSA") in the amount of $12,000 in accordance with the Settlement.

    6)    Directing payment from the settlement fund of settlement benefits to Settlement Class Members and Sub-Class Members, in accordance with the Settlement.

    7)    Entering a final judgment dismissing the action with prejudice.

    8)    Providing that, notwithstanding entry of final judgment, the Court shall retain jurisdiction in this matter for the purposes of interpreting or enforcing the Settlement or final judgment.

Class Counsel's Motion is based on this Notice and the attached Memorandum of Points and Authorities, the Declarations of Alexander I. Dychter and Melissa Meade of PSA; all other pleadings and papers on file in this action (including the previously filed Motion for an Award of Attorneys' Fees, Costs and Incentive Fee and supporting papers – ECF No. 40); and any oral argument or other matter that may be considered by the Court.

Dated: March 25, 2019        DYCHTER LAW OFFICES, APC

        By:  s/ Alexander I. Dychter
        Attorneys for Plaintiff Jason Crane and the Settlement Class
        E-Mail: alex@dychterlaw.com